JS 44 (Rev 3/99)  **CIVIL COVER SHEET**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Brent Wickliffe

**RECEIVED**
Oct - 5 2004
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

### DEFENDANTS
Kevin Coffey, Jeff Moran, and City of Grandview, Texas

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

(c) Attorney's (Firm Name, Address, and Telephone Number)
Douglas R. Larson
410 W. Main St., Suite 101
Mesquite, TX 75149 (972) 329-0160

Attorneys (If Known)
3:04 cv 2159 K

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

### V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Damage claim for unnecessary force brought under 42 USC 1983

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions).
JUDGE _____   DOCKET NUMBER _____

DATE 10-4-04
SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG JUDGE _____



ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRENT WICKLIFFE<br>Plaintiff, | §<br>§<br>§ | |
| VS. | § | CIVIL ACTION NO. |
| | § | |
| KEVIN COFFEY, JEFF MORAN,<br>and CITY OF GRANDVIEW, TEXAS<br>Defendants. | §<br>§<br>§ | 3 04 CV 2159 K |

### PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

### INTRODUCTION

1. This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, and under the common law of the State of Texas, against Kevin Coffey and Jeff Moran, police officers of the City of Grandview, Texas, in their individual capacities and against the City of Grandview, Texas.

### JURISDICTION

2. Jurisdiction over this action exists by reason of the Fourth and Fourteenth Amendments to the United States Constitution, and by virtue of 28 U.S.C. §§ 1331, 1343, 1367.

### VENUE

3. The individual Defendants reside in Johnson County, Texas, which is within the jurisdictional district of this Court. Defendant, City of Grandview, Texas is located within Johnson County, Texas and within the jurisdictional district of this Court. Plaintiff's claims arose within the judicial district of this Court.

PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND                                                                 Page 1

## PARTIES

4. Plaintiff Brent Wickliffe was at all material times herein a resident of Hill County, Texas, and of full age.

5. Defendants Kevin Coffey and Jeff Moran were at all times relevant to this complaint duly appointed and acting officers of the police department of the City of Grandview, Texas, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Texas and/or the City of Grandview, Texas. All of these Defendants are sued in their individual capacity.

6. The City of Grandview, Texas, is a municipal corporation and was at all relevant time the public employer of Defendants Coffey and Moran.

## FACTS

7. At all relevant times herein, the Plaintiff, Brent Wickliffe, was a police officer with the City of Itasca, Texas. The City of Itasca and the City of Grandview are small municipalities and when necessary, these entities support each other when police emergencies arise or when a need for extra police officers arises. According to Defendant Coffey, such an occasion arose on July 15, 2003 and the Plaintiff was contacted by Defendant Coffey by telephone. Coffey told the Plaintiff that a criminal suspect was to be arrested. Coffey advised the Plaintiff that he believed the suspect, a man by the name of Lowe, was in the possession of a pistol and Coffey claimed that suspect Lowe would not exit his home when confronted by a police presence. Coffey requested the Plaintiff's assistance. The Plaintiff told Coffey that if his Police Chief approved of the request for assistance that the Plaintiff would assist in the arrest of suspect Lowe. The Plaintiff put on his official Itasca police uniform and contacted his Police Sergeant who in turn contacted the Itasca Police Chief. As a result

of this contact, the Plaintiff was directed by his Police Sergeant to Grandview, Texas. The Plaintiff went to Grandview in the company of Itasca Police Sergeant Griscavage and Itasca Police Officer Lidster.

8. After the Plaintiff, Griscavage and Lidster arrived in Grandview, Texas, Defendant Police Chief Moran directed them to a residence in Grandview where suspect Lowe was believed to be located. The Plaintiff and the other Itasca officers arrived at what was purportedly Lowe's residence. The Itasca officers were positioned by Defendant Moran near the garage door to the residence while Defendant Moran, Coffey, an officer Zoe and an Alvarado, Texas Police Officer were strategically positioned near the front door to Lowe's residence. Defendant Moran knocked on Lowe's front door but received no response. After Moran received no response, Griscavage went to Defendant Moran's location and Moran requested the Itasca contingent to go to the garage door.

9. The Plaintiff and Sergeant Griscavage gained access to Lowe's residence through the garage door. Lowe was discovered by the Plaintiff and others in a small room adjacent to the garage. Officers instructed suspect Lowe to show his hands and come out of the corner. Suspect Lowe came out of the corner and was holding his right arm behind his back as if he was hiding something. Suspect Lowe began to advance towards the Officers in the room by taking a step and pausing and then taking a step and pausing. Chief Moran yelled to the Officers to move back. All Officers moved back out of the room. The Plaintiff stopped in a doorway and Sergeant Griscavage stopped in the doorway of the door leading into the garage area. Suspect Lowe advanced towards the Plaintiff. The Plaintiff told suspect Lowe to bring his arm from behind his back slowly and get on the floor. When suspect Lowe got within a couple of feet from the Plaintiff, this permitted Sergeant Griscavage to see Lowe's hands and body. Because Lowe did not possess a weapon, Sergeant

Griscavage yelled in a voice loud enough for all the officers to hear "His hand is empty. He doesn't have a gun." Griscavage then yelled "His hand is empty (several times)." As Lowe's empty left hand was visible, Officer Coffey said "Are you sure?" to Sergeant Griscavage. Sergeant Griscavage said "Yes, I can see his hand. It is empty. He does not have a gun and he does not have anything in his hand. It is empty was then repeated loudly (several times)." The Plaintiff told Sergeant Griscavage to cover him. The Plaintiff secured his weapon in his holster to reduce down to minimum force because the need to resort to deadly force no longer existed as suspect Lowe did not possess a gun. When the Plaintiff secured his weapon in his holster, suspect Lowe turned away from and started towards Sergeant Griscavage. Suspect Lowe threw his empty left hand in the air and held his right hand with his index finger pointing out and his thumb pointing up like a kid would do to pretend his hand is a gun. Suspect Lowe then said "bang bang." The Plaintiff threw his left shoulder into suspect Lowe's back with his head against suspect Lowe's side in order to subdue him by taking him to the floor. The Plaintiff pushed suspect Lowe approximately eight to ten feet when he heard a gun fire a few feet away from him on his right side (This was the same area where Kevin Coffey had asked Sergeant Griscavage if he was sure that suspect Lowe did not have a gun). The Plaintiff's right arm went limp from a gunshot wound made by a bullet coming from Defendant Coffey's gun. The Plaintiff's right arm was burning from the gunshot wound and he noticed a 'V' shaped place missing from his right sleeve. The Plaintiff let go of suspect Lowe and exited the garage to check his arm. After exiting the garage, the Plaintiff lifted his shirt sleeve and saw a large gunshot wound on his right upper arm. The Plaintiff told another officer that he had been shot and he needed an ambulance. The Plaintiff then laid on the ground to apply pressure to his bleeding arm. The Plaintiff saw two or three officers run around the west side to the north side of the garage. After the Plaintiff

left the garage, he heard several more gunshots followed by an unknown voice believed to be a police officer yelling "Stop shooting. Stop shooting."

10. The Plaintiff asserts that at no time during the encounter with Lowe was Lowe armed or dangerous. At no time while any officer was dealing with Lowe was any officer entitled or justified to use deadly force against Lowe. At all relevant times herein Defendant Coffey was a poorly trained and supervised police officer. Instead of using care to avoid the unnecessary and/or unjustified use of deadly force, Coffey and his supervisor, Jeff Moran were by inclination and training prone to use excessive and/or deadly force when there was no need or justification for the use of force. The Plaintiff reasonably believes that it was the intention of Coffey and/or Moran to use unjustified deadly force against Lowe and that the deadly force was intended to be directed against Lowe was the proximate cause of the injuries sustained by the Plaintiff.

11. At all times during the events described above, the individual Defendants were engaged in a joint venture with each other and with other Grandview police officers and officials who assisted the Defendants in performing the various actions described and these Grandview police officers lent their physical presence and support and the authority of their office to each other during the said events.

12. As a direct and proximate result of the said acts of the Defendants, the Plaintiff Brent Wickliffe suffered the following injuries and damages:

    a.    Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable seizure including the application of force without adequate cause; and

    b.    Physical pain and suffering and emotional trauma and suffering, requiring medical care and the expenditure of money for treatment.

13. The actions of the Defendants violated the following clearly established and well settled federal constitutional rights of Brent Wickliffe:

    a.    Freedom from the unreasonable assault, seizure of the person of Brent Wickliffe.

    b.    Freedom from the use of excessive, unreasonable and unjustified force against the person of Brent Wickliffe;

## COUNT I

### 42 U.S.C. § 1983 Against Individual Defendants

14. Paragraphs 1 through 14 are incorporated herein by reference as though fully set forth.

15. Plaintiff Brent Wickliffe claims damages for the injuries set forth above under 42 U.S.C. § 1983 against Defendants Coffey and Moran for violations of his constitutional rights under color of law.

## COUNT II

### Assault and Battery Against Individual Defendants

16. Paragraphs 1 through 14 are incorporated herein by reference as though fully set forth.

17. Defendants Coffey and Moran, through the use of force, assaulted and battered Plaintiff Brent Wickliffe. Defendants Coffey and Moran unlawfully, and without legal justification, used unnecessary force and/or unnecessary deadly force against Plaintiff Brent Wickliffe.

18. As a result of this unjustified use of force and/or assault and battery, the Plaintiff suffered damages as aforesaid.

## COUNT III

### Claim Against Supervisory Officer Moran

19. Paragraphs 1 through 14 are incorporated herein by reference as though fully set forth.

20. Prior to and including July 15, 2003, Grandview Police Officer Moran was designated by Grandview officials as a supervisor over Defendant Coffey. Based on the facts portrayed in Paragraphs 1 through 14 herein, Defendant Moran had actual and/or constructive notice that his subordinate Coffey had either directly participated in and Moran had stood by without intervention when Plaintiff Brent Wickliffe was subjected to violations of his legal and constitutional rights as described herein above in paragraphs 1 through 14. Plaintiff hereby alleges that Defendant Moran either knew or upon reasonable investigation should have known that his subordinate Coffey was engaged in conduct that posed a pervasive and/or unreasonable risk of constitutional injury to the Plaintiff and others. Defendant Moran's response to the knowledge of the constitutional injuries specified in paragraphs 1 through 20 was so inadequate as to demonstrate his deliberate indifference and/or his tacit authorization of the illegal and/or unconstitutional conduct so as to render him liable for all of the illegal conduct visited upon the Plaintiff by Defendant Coffey.

## COUNT IV

### 42 U.S.C. § 1983 Against City of Grandview, Texas

21. Paragraphs 1 through 14 are incorporated herein by reference as though fully set forth.

22. Prior to June 28, 2002, the City of Grandview, Texas developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in Grandview, Texas, which caused the above violations of the Plaintiff's rights.

23. It was the policy and/or custom of the City of Grandview, Texas to inadequately and

improperly investigate citizen complaints of police misconduct, and acts of police misconduct were instead tolerated by the City of Grandview, Texas. By custom and policy, Grandview policymakers sanction the use of force and deadly force when no cause for the use of force exists. By custom and policy, Grandview policymakers sanction the use of lies to allow police officers to cover-up police abuse including the unnecessary use of force.

24. It was the policy and/or custom of the City of Grandview, Texas to inadequately supervise and/or train its police officers, including Defendants Moran and Coffey, thereby failing to adequately discourage further constitutional violations on the part of its police officers. The City of Grandview, Texas did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

25. As a result of the above described policies and customs, police officers of the City of Grandview, Texas, including Defendants Moran and Coffey, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

26. The above described polices and customs demonstrated a deliberate indifference on the part of policymakers of the City of Grandview, Texas to the constitutional rights of persons within the City of Grandview, Texas, and were the cause of the violations of Plaintiff's rights alleged herein.

27. The Plaintiff has suffered damages in an amount of not less than $50,000.00 for pain, suffering, mental anguish, and the Plaintiff is entitled to compensatory damages provided for by law. Because the conduct of the individual Defendants was willful, deliberate, malicious, or done pursuant to a reckless disregard of the Plaintiff's rights not to be subjected the use of excessive,

unreasonable and unjustified force against the person of Brent Wickliffe, the Plaintiff sues for punitive damages.

## JURY DEMAND

28. Plaintiff demands a trial by jury.

WHEREFORE, the Plaintiff requests that this Court:

    a. Grant to Plaintiff a trial by jury herein;

    b. Award compensatory damages to Plaintiff against the Defendants, jointly and severally;

    c. Award exemplary damages to Plaintiff against each individual Defendant;

    d. Award costs of this action to the Plaintiff;

    e. Award reasonable attorney's fees and costs to the Plaintiff;

    f. Award such other and further relief as this Court may deem appropriate.

Respectfully submitted,

THE LAW OFFICE OF DOUGLAS R. LARSON
410 W. Main Street, Suite 101
Mesquite, Texas 75149
(972) 329-0160
TELEFAX: (972) 329-6150

By: _____
Douglas R. Larson
State Bar No. 11958000